FILED
JAMES BONINI
CLERK

05 SEP 27 PM 1:11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO: 05 CV 627 |
| Plaintiff, | J. HOGAN |
| v. | |
| THE BROWN PUBLISHING COMPANY, | **COMPLAINT AND JURY TRIAL DEMAND** |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct continuing unlawful employment practices on the basis of Race, Black, and to make whole William Hubbard and other similarly situated individuals affected by Defendant's unlawful practices.

Since on or about April 17, 2004, Defendant has denied William Hubbard and similarly situated employees, equal employment opportunities based on race, Black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ( "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Brown Publishing Company, (the "Employer") has continuously been an Ohio corporation doing business in the State of Ohio and the City of Xenia and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

2

## STATEMENT OF CLAIMS

6. More than thirty days prior to institution of this lawsuit, William Hubbard filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit have been fulfilled.

7. Since at least on or about April 17, 2004, Defendant Employer has engaged in unlawful employment practices at its Xenia, Ohio facility located in Greene County, in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

> a) Defendant knew or should have known of a racially hostile environment in its workplace at the Xenia, Ohio facility.
>
> b) Defendant failed to take preventive measures to prevent the racially hostile work environment at its Xenia, Ohio facility.
>
> c) Defendant failed to take prompt and effective action to address and to eradicate the racially hostile work environment.
>
> d) Defendant subjected William Hubbard and similarly situated individuals, to different terms and conditions of employment due to impermissible racial considerations.
>
> e) Defendant terminated William Hubbard due to his race, Black.

8. The effect of the practices complained of above, has been to deprive William Hubbard and similarly situated individuals of employment opportunities and to otherwise adversely affect their status as employees because of their race, Black.

9. The unlawful practices complained of above were intentional.

10. The unlawful employment practices complained of above were taken with malice and/or reckless indifference to the federally protected rights of William Hubbard and similarly situated individuals.

3

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals due to considerations of their race.

B.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons of all races and which eradicate the effects of its past and present unlawful employment.

C.    Order Defendant Employer to make whole William Hubbard and all similarly situated individuals, by providing affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, backpay and front pay in amounts to be proven at trial.

D.    Order Defendant Employer to make whole William Hubbard and all similarly situated persons, by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

E.    Order Defendant Employer to make whole William Hubbard and all similarly situated persons by providing compensation for past and future non-pecuniary losses in amounts to be proven at trial.

F.    Order Defendant Employer to pay William Hubbard and all similarly situated individuals, punitive damages for its malicious and reckless conduct described herein above, in amounts to be determined a trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EEOC
1801 L STREET, N.W.
WASHINGTON, D. C. 20507

*[signature]*
C. Larry Watson
Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

*[signature]*
Donna Williams-Alexander
Trial Attorney
Registration No. 0037838
donna.williams-alexander@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Cleveland District Office
1660 West Second Street, Suite 850
Cleveland, Ohio  44113-1412
(216) 522-7454
(216) 522-7430 (fax)